where you're going to turn in the court. Appreciate your service. Thank you. Thank you. Thank you. Your Honor, the first issue that I wanted to raise was on count 18, which deals with the kickback arrangement under 1320A-7BB1A, which charged Mr. Cooper with soliciting and receiving payments from an entity called Dandy Drug. And Dandy Drug is a Texas limited liability company. And he allegedly paid these kickbacks in exchange for or in return for referring individuals to Dandy for the furnishing of items that would be reimbursed by TRICARE, which is a federal health care program. My position on this, I have multiple positions on this, but the primary one here is insufficiency of evidence. And my position is that the definition of person under the Social Security Act does not encompass limited liability companies. And therefore, one element of the offense could not have been established, in fact, was not established at trial by the evidence, because the evidence conclusively showed that Dandy Drug is an LLC. Now, Mr. Clary, there weren't LLCs at the time this was passed, right? That's correct. And it does refer to corporations. That's correct. And it refers to associations even, which is broader than even an LLC. So why would your extremely strict parsing apply in this circumstance? Well, Your Honor, this issue has really come up in the context of the Internal Revenue Code regulations that construe a very similar statute. The definitions under the Internal Revenue Code without the regulations have been held to be ambiguous with respect to whether a limited liability company is, in fact, a person. And I don't see why in the context of a criminal statute where regulations cannot cure an ambiguity how the limited liability company can be captured within the definition of person. So what's your best authority, the Internal Revenue Code, what's your best authority that it shouldn't be interpreted to include that if an association and a corporation are included? I think McNamee out of the Second Circuit is probably the leading case, Your Honor. And there are several that have cited McNamee after its decision and have all followed it. I think Littriello out of the Third Circuit has gone the same way. And this court has case called Nevada Partners. So I think there is some solid support for the position. And I think in the context of a criminal statute, all those other cases were construing civil statutes. And they had regulations to back them up to cure the ambiguity. But they all found that the statute was ambiguous. If we were to agree with you on that, okay, we have to then say it was ambiguous, and then because of lenity you win? We have to do ambiguity plus? Yeah, I think, Your Honor, that the rule of lenity would mean that because it's ambiguous as to whether or not a limited liability company is a person, that you've got to basically say that that element has not been satisfied. Okay, and then would we have to, we would vacate the conviction of Count 18 and remand for resentencing? Is that the result? I think on Count 18, I think the result would be that you reverse the conviction. I'm sorry, I think I think Judge Dennis may have a question. Is that? Does he not have a question? Okay, we're going to, if he has a question, we certainly want to listen to Judge Dennis's questions. And so we'll pause again. I am really interested in, is Judge Dennis? Let me say it. I'm here, and I hear, I've heard everything, but my picture of you has temporarily gone out. I've tried to notify my office staff, but I haven't been able to get through to them. But I can hear everything you say. I'm back now, thank you. Do you have a question? Mr. Judge Dennis? Yes. Okay, did you say something to me? I was just asking if you had a question for Mr. Clary. I didn't want to keep going because I have a couple more, and I didn't want to keep going if you, Presiding Judge, had a question, and I didn't want to talk over you. I think you've done a good job. Well, thank you. I do have a question about count 35 to 40. Just hypothetically, assuming that this is your best argument, what happens if you win on that? On counts 35 through 40? Well, if I win on counts 35 through 40 and on count 18, or basically on either one of those arguments, I think the conspiracy conviction gets vacated and remanded. Okay, but what if you just win on the 35 to 40? You'd get that conviction? If I win on that, that's vacated. And then you would, 35 to 40 would be vacated. The other one would be reversed, 18. I think that's right, Your Honor. And you would have to have a re-sentencing if 35 to 40 were vacated? I think 35 through 40 would need to be retried. Would we retry it? I think so, because the jury was never instructed on the particular charge that was set out in the indictment for each one of those counts. But aren't you better off if they had a chance and they argued something and the jury, I mean, I guess it depends on why you would win on 35 to 40. Because what if you would win on 35? See, this is a good way to have a question when you're defending, trying to reverse a can't make a referral to yourself and the questions that the district court asked about physicians referring to pharmacies, that's not factually supported by the record. And so it seems like under this record, there was no referral and therefore there's no evidence to support, it seems like that could be an argument. Now, that's just, it may not be the prevailing argument, I'm just saying. You know, the reason that I'm a little hesitant on that is because of the Supreme Court's decision, I think it's in the Muscarello case, I hope I have that right, but the court said it's not the instructions that determine sufficiency, it's the actual that if you look at just the instructions that were given, that there would be insufficient evidence. The charge, it does not comport with the charge. I mean, the charge. Yeah, it doesn't comport with the statute. The evidence doesn't support with the charge. There's not a, assuming argument, no, that's true. I'm not speaking for the panel by any means. Right. I think that that's correct. And so in that context, you know, the only question I have is whether you look at the statute or the instructions that were given. So you think it could have been instructed properly and so you'd have to have a retrial? That's why I think it could have been. Does it matter whether or not the district judge made an error in dealing with the jury questions? Does that just all get, we don't need to reach that if we think that you can't have a referral to yourself? I don't think you need to reach that, but I do think it adds weight to the argument. It combines with it to say the jury obviously was grappling with that. That's right. That's exactly right. Okay. I think that the jury was misled by those instructions. So, you know, the big problem, frankly, and I've been pretty candid with it, is there's invited error here because the instructions were requested by my client's trial counsel and also by the government. So nobody caught this mistake and I think one of the reasons they didn't get the mistake at trial was because they were all following the pattern instructions which only instruct as to a different subsection. And that's what happened here. I don't think anybody was trying to sandbag the judge or anything like that. Can you address prongs three and four which the opposing side says that you can't show plain error on this? Well, I think... You say de novo applies, but if assuming argument though that plain error applied... Yeah, if plain, well, if plain, I think what they're arguing is that even plain error doesn't work because of the invited error. But then they say three and four couldn't be satisfied. Yeah, I think that anytime you have a situation, and I think I've cited some cases in my briefs where the court instructs on a criminal offense that is not charged in the indictment, that's pretty much plain error because the jury's never been instructed to convict on the offense that the grand jury found. The charge was just completely incorrect, and I've cited some cases on that. Some of them are older cases, but I think when you're talking about taking... It's one thing to omit an element from an instruction, that netter type situation. It's an entirely different thing to charge on a completely incorrect criminal charge. Now, your asset forfeiture issue is really interesting, but haven't you not just forfeited it, but waived it? Well, there's that stipulation post-conviction, but my argument there is that the stipulation should be read to relate to the forfeiture, which is just the post-conviction proceeding and not the trial. That argument... Also, if the court agrees with me on the substantive counts, on any of the substantive counts, and these things have to be dealt with, and I think that impacts the forfeiture as well, although I believe in the district court, the parties are currently engaged in or have already agreed on what to do with respect to what happens if the case is either affirmed, reversed, or modified with respect to the forfeiture. So, just circling back on 35 to 40, do you believe that the indictment controls for evaluating sufficiency ultimately, or do you believe the charge controls? I think the statute controls, the statute referenced in the indictment controls the subsection. If you look at the charge that was given and compare it to the statute, they don't line up. Charge is a different subsection? Yes, that's correct. That's correct, Your Honor, and I think... So, the jury's never really passed on this question, whether he's guilty of the crime that was charged, and when you get a situation like that, if that's not manifest injustice, I really don't know what could be. That seems to be a very extreme situation. Is that different from an argument that there's been a constructive amendment to the indictment? Yes, I think it is, because with a constructive amendment to the indictment, you look at the instructions that were given, and Muscarello, I think I'm pronouncing that correctly, I hope I am, that says you look only at the statute to determine sufficiency, and that's the issue we have here. Okay. Okay. And so, we're left with a situation where there's not evidence, and this is why the jury grappled so much and sent back three versions of questions, plus one crossed out. Absolutely. Because it wasn't fitting what they heard. I think that's exactly right. So, you know, they came back and convicted him after receiving those instructions, and I think that that is manifestly unjust. Unless the Court has additional questions, I'll reserve the rest of my time. Thank you. Thank you. Thank you, Mr. Gailstrap. Thank you, Judge Dennis. It may have pleased the Court. Stephen Gailstrap on behalf of the Judiciary, I'd like to thank you for your time today, and I'd like to thank all of you for being here today. I'm going to try to follow the same order that Mr. Clary did and touch on the high points that Judge Elrod was mainly focused on, but I will note that after a six-week trial and two weeks of deliberations, the jury issued a careful verdict in this case. They convicted Mr. Cooper on eight counts, acquitted him on others, hung on the rest. And given that there was six weeks of evidence, there's no real dispute about what the record showed here. The arguments are almost entirely legal, and they're either unpreserved or in some cases invited and affirmatively waived. And I think the standards of review are going to be critical to this Court's review, and so I'll start with count 18 and then move forward to counts 35 and 40 following Judge Elrod's questioning. On count 18, the question of whether the indictment was defective in that it charged the receipt of kickbacks from an LLC is an issue that was never preserved below. There was never a Rule 12 motion filed for a defective indictment. On appeal, Mr. Clary's first argument in his opening brief was that the Court didn't have subject matter jurisdiction because this was a defective indictment and concedes in his reply that under Scruggs, the review is for plain error. What's going on here and what became clear in the reply brief is Mr. Cooper's trying to take legal arguments, whether a person, whether an LLC is a person under the statute, for example, on count 18, and couch those in terms of sufficiency to try and get a better standard of review. But this Court's precedent doesn't allow that. Most recently in the Haggerty decision, this Court specifically said that it doubted it could apply anything but plain error review to a legal argument that was... Isn't that an unpublished case? Haggerty is a published case, Your Honor. Published? It is a published case. I believe it was Judge Haynes, Judge Higginson, and Judge Elrod. Okay, I'm confusing it with another... It was in the reply brief, it's referenced as an unpublished case, but it is a published case. Okay. It is a published case. And even under the McLaren decision that Mr. Cooper cites in his reply brief, there's a difference between a factual sufficiency argument and a Rule 12 legal argument that's not preserved. That case talks about extraterritoriality, venue, Rule 12-type issues, which a defective indictment that fails to state a claim would be a Rule 12 issue. And so under this Court's precedent, the Count 18 claims, whether they're viewed as defective indictment, whether they're viewed as jury instruction issues, or whether you look at them in terms of a supposed sufficiency, which are not really sufficiency arguments, plain error applies. And under the plain error standard, Mr. Cooper can't show a clear or obvious error because in the 50 years, roughly, that the anti-kickback statute has been law, no court has ever held that an LLC is not a person for the purposes of this statute. In fact, this Court in the Brown case, the 11th Circuit in the Vernon case, and the 7th Circuit in the Twonky case have affirmed convictions where the relevant person was a limited liability company. Can you win this if it's de novo? Absolutely. The government's position is that plain error has to apply to all of these challenges under Count 18. But under a de novo standard, this conviction should be affirmed as well. And that's because if you look at the text of the statute in 1301, it defines a person to be an individual, a trust or a state, a partnership or a corporation. But the term corporation is further defined to include, and that include language is important because include is a term of enlargement, not of limitation, to include associations, which are very broad, as you noted earlier, Judge Elrod, and two types of companies, joint stock companies and insurance companies. Under Mr. Cooper's reading of the statute, an insurance company that's organized as an LLC would be a person, but an LLC organized in any other industry, medical, pharmaceutical, what have you, would not be a person. I don't think that the statute can support that reading. I think by listing two types of companies in a non-exclusive includes definition is more than adequate to say that other types of companies like LLCs fall within this statute. Also associations, very broad. Mr. Cooper tries to argue that associations should be construed very narrowly based on their state law meaning. But that can't be the case in 1301 because the term corporation is defined to include associations. And the general definition of an association is a non-corporate entity. So Congress wasn't using a narrow sort of version of state law in terms of associations. It was using a generic definition, which is very similar to a company and everything like that. So under the text, Judge Elrod, the government believes that it survives count 18 even under a de novo standard. Really quickly, I want to address the McNamee case and the Latrello case, Mr. Clary referenced. These cases were not about ambiguity as to whether an entity could be taxed. They were IRS cases defining person. But it wasn't about whether they were persons. The court didn't say that there was ambiguity about whether they were persons. It was ambiguity about how exactly do you classify these persons. And that's why the court said if you want to be taxed as an association, you can be. You can also be taxed as a corporation if you put in the right form. But it was never about whether an LLC was a taxable entity or not. It was a categorization issue. So that's a wholly different issue. And so that's why the rule of lenity doesn't apply here because in the government's view, the statute's not ambiguous. Those cases were dealing with a classification issue, not an anti-question of whether LLCs were persons in the first place. And in that context, LLCs can be considered associations. Also in the diversity context, this court and every other circuit considers LLCs to be associations for the purposes of diversity. And so for those reasons, the government believes that Count 18 should be sustained under the plein air standard, but also under a de novo standard if the court believes that it should be reviewed that way. Moving on to the constructive amendment issue. The government's position is that Mr. Cooper should not be benefited from a jury instruction error that he invited and caused to be made. This court's precedent on invited error is very, very clear. And what is interesting is in his briefing, Mr. Cooper concedes that he requested the, quote, exact instructions on the referral prong that the district court gave. And Mr. Cooper does not cite and the government is not aware of a single case where this court has upended a conviction based on an error that the defendant invited. I agree it was error. That was the wrong instructions in it. Yes, I agree. The indictment was under the induced-to-purchase prong. The jury instructions were under the wrong instructions. And the government also wanted those instructions. It was in the government's instructions, too. Why did the government want those instructions? Y'all are very educated people. Y'all deal with these things all the time. Completely wrong prong. It was a different prong, yes. I think the fact that there's a pattern on the referral prong but not on the induced-to-purchase prong is one of the reasons. This was also a 40-count indictment where some of the kickbacks were charged as referrals in the indictment. Others were charged as induced-to-purchase and it was a confusing issue and yes, the government did. I mean, look, I get it. There was a mistake. It's a pretty significant mistake, though. He is charged under the purchase prong. The jury's instructed under the referral refer prong. The jury asks some questions. The jury comes back with a yes answer on something that he wasn't charged with. And what's your best case that invited error covers that such that there's no reversible error? Sure. I would refer this court to the Baytank case, which was a constructive amendment issue and the court said that invited error would cover that situation. I would also refer this court to the Hodge case that's cited in the government's brief. That was a situation where the indictment used language about that the individual personally caused something to happen, but the jury instruction said that the person may have caused it to happen, like did something to cause it as opposed to personally causing it. So there was a difference. There was a constructive amendment. And under the Hodge case, this court said, well, those were the instructions that the defendant requested. That falls under invited error, and it affirmed the conviction. If we were under a preserved error situation for the constructive amendment argument, that would be reversible per se in this circuit. But the standard of review matters. And where a defendant invites the instruction, regardless of whether the government does as well, in the Lopez-Escobar case, from this circuit, the standard that was allegedly wrong in that case was put forward by both parties. And yet this court applied invited error and refused to reverse on that. You're saying, sounds like you're saying candidly that the difference maker here is the invited error doctrine. It's the invited error and the plain error doctrine. If it was preserved, it would be a problem to... Wouldn't this be plain error? No. Why? Why wouldn't it be plain error? Because of this court's precedents. If you look at Daniels, if you look at Reyes, that came after Alano, post-Alano, a constructive amendment does not necessarily require reversal or vacatur if it doesn't necessarily require it. And this court, what it does is... What would tell us whether it would require vacatur or not? You look at the factors that this court has outlined in those cases, and those factors are a few things. Well, why would... I guess I'm just asking you, why wouldn't it be plain error here? It wouldn't be plain error under the fourth prong. First and foremost... Under the fourth prong? Under this court's precedent, where there is a constructive amendment, you assume the first three prongs and you look at it... Right, I know, but you're saying that the fourth prong, that the impression of the system of justice is served in this case by someone being convicted of something that they weren't indicted for and which there is no evidence to prove. So that would be consistent with the fourth prong. I just want to make sure that's what you're... I must be missing something. The government's position is that there was more than sufficient evidence to convict under both the induced-to-purchase prong and the referral prong. That may be a difference. I'm sorry. No. Where's the evidence of the referral? I thought that there was no evidence of referral, that this was a purchase case. So it was indicted as a purchase case. The government's position, and this is supported by the Seventh Circuit's decision in Poland, is that there's not a lot of daylight, depending on the factual circumstances of the case, between something indicted under the referral prong and something under the reduced-to-purchase prong. I've got the statute in front of me and there's two separate subsections. That's correct. B1A, B1B. And they're separated by OR. That's correct. A lot of daylight. But in the Poland decision, the Seventh Circuit says that they involve overlapping conduct. The first prong deals with the referral of individuals. The second prong deals with the inducement to purchase goods or services. Okay. Whoever knowingly and willfully blah, blah, blah, in return for referring an individual to  Correct. B1B is whoever knowingly, etc., etc., etc., in return for purchasing, leasing, ordering, or arranging for, or recommending, etc., etc. I mean, we've said in our cases that the referral prong means referring another person. So that language, which comes from the Miles case, dealt with the factual specificity that was going on in that case. The statute doesn't say that you have to refer another. It says you refer an individual. There's nothing in the statute that prohibits one from referring him or herself, which is what happened here, because Even the government had trouble with that idea at the conference. When they're trying to decide what Judge, I think it's Judge Lynn. Judge Lynn, yes, Your Honor. What Judge Lynn is going to say back to the jury when they're asking all these questions, the government at first says, oh, you can't refer your, government has a position you can't refer yourself. And then Ms. Skidmore, one of the people, she says, no, that's what the government is saying. And then the government comes back around after a couple pages and says, well, we do mean that you can refer yourself. The government didn't even believe that at first. And it took a position. And in fact, the judge said, you can hold them to this position. And then two pages later, they changed their position on that. So it was not even clear that the government believed you could refer yourself at the time this case was being charged with the juror further instructions. Isn't that accurate, what I've just recounted? There was some confusion about the jury notes. That is correct. However, I think it is critical to set the record straight about those jury notes. The jury notes were not asking about counts 35 through 40. I understand that they can use that information for referral. When they were asked about referral in that, it was the thing that they would also need to say for referral here about who is the other person. Two different factual scenarios. And if you look at the jury notes, Your Honor. I did. I have them here with me today. I've reviewed them very thoroughly. And all of the charge conference associated with them. And in fact, that's my other question I have. Why is it invited error? Because if you take the position that what was the wrong charge, I mean, what was wrong was what Judge Lynn, who's a very good judge, happened to say here. That was not invited error. Because they were objecting up a storm for those comments that the judge gave. That's what put them over the edge. I don't believe it put them over the edge. Real quickly, and I know Your Honor has looked at the jury notes, but just to be specific. The jury notes, this whole line of questioning started with jury note two. If you look at jury note two, they're specifically asking about subsection B1, which is a receipt count. It's not a pay count under the anti-kickback statute. And then the court asked for clarification, which led to note three and the three examples and everything like that. Counts 35 through 40 are pay counts. They're not receipt counts. And when you look at the questions being asked about whether a written prescription from a doctor that makes its way to a pharmacy is a referral, they were three iterations of that question. The only counts that fit that lineup of questioning are counts 31 through 40, which deal with Dr. Elder, because those were charged as referral counts. They were receipt counts. And that is the government's position about what the jury was asking about. They weren't asking about whether TRICARE beneficiaries could refer themselves and their information so they got to a doctor in the first place. So the jury notes show, if anything, confusion about counts 31 through 40. Sorry, 31 through 34, not 35 through 40. And if you look at Judge Lynn's answers to those, all she says is that these examples could be a referral. But they're not about whether you can refer yourself or refer another person. And by saying that they could be a referral, she's also instructing the jury that they could not be a referral. But they didn't take it that way. And we know they didn't take it that way, because they followed up with one crossed out version and then another version where they said, does that mean you could also be could not? And they were never told that it could not. They were never given that. So they did not take it the way you take it. And we know they didn't take it that way because of their following two questions. And their follow-up question in note 10, Judge Lynn answered by saying, that's for you to decide based on the evidence. Right, but if she'd have done that to begin with, then maybe we wouldn't have this. But she only did one side. The jury was already confused of whether it could not be a referral. And she never said it could or could not. And they were specifically asking, does it also mean that it could not be a referral? And they did not take her first answer to mean could or could not. And then in response to note 10, she said, that's for you to decide, which invites the could or could not as well. So I think it's a question of semantics. But at the end of the day, it doesn't go to counts 35 through 40. And so that's why this sort of suggestion that the jury was confused based on the jury notes as it relates to counts 35 through 40 just doesn't hold up when you go back and look at the specific counts they were asking about. They were asking about receipt counts from a doctor's written prescription to a pharmacy. That's counts 31 through 34. That's not counts 35 through 40. And so as I said, the standard of review really is important for the constructive amendment argument. And when this court looks at sufficiency for purposes of a constructive amendment type argument, it doesn't review it under a de novo standard. It reviews it within the guise of the fourth prong. This court's decision in Reyes makes that clear. You look at, could this have been charged under the statute, under the referral prong initially? The government's position is that under Poland, it could have been. The evidence supports that this was both an inducement to purchase and a referral. Every time a court's been faced with, is referral a very narrow thing or is it a broader thing, courts have construed the term referral broadly. That's the George case. That's this court's Shoemaker case, the Patel case. In Patel, the Seventh Circuit held that a simple authorization for treatment was sufficient to be a referral. So when courts have looked at this, they've construed it very broadly to effectuate the purpose of the statute. So to be clear, if I agreed with you on that point and took guidance from the Seventh Circuit's opinion, would I have to be agreeing with the proposition that in return for referring an individual to a person would allow me to refer myself? Yes. Yes. You would be referring yourself to, in this case, the doctor that automatically signed a prescription, that automatically sent it to the pharmacy, that automatically resulted in the TRICARE beneficiary getting the prescription. I just want to understand what I'd have to agree to. I see my time's allotted. If I really quickly can address the forfeiture argument, just because that was the one piece that Mr. Clary covered that I wasn't able to. Under the forfeiture issue, this was waived under the stipulation. He tries to draw a distinction between seizure and forfeiture. The stipulation's at ROA-2201. If you look at the language, it applies to both seizures and forfeitures. In that, Mr. Cooper's agreeing that his assets were rightfully seized. He's waiving any and all claims related to the seizure and the forfeiture. The stipulation covers both seizure and forfeiture. What is the statement you want us to refer to? Sorry, Judge Anderson. Thank you. We have your argument. Thank you. I believe Judge Elrod had one further question. We have one question, or if not, it's okay. I think we have the argument, Mr. Nix. Thank you. Thank you, Your Honors. Mr. Clary. Thank you, Your Honor. I just wanted to comment briefly on Count 18, his reference to Rule 12 as being a defective indictment charge dressed up as an insufficiency charge. The element is in the statute. There may be a defective indictment here, but it's not just the indictment that's defective. It's the evidence that's defective, because the evidence proved conclusively that this was an LLC. An LLC is not a person for the reasons we've previously discussed. This is a case on 35 through 40. Number one, I don't follow the argument on the notes. I think that all of those notes indicate that the jurors were focused very specifically on referrals, and that's not what 35 through 40 were all about. I think the instruction led them to believe that that's what they were about, and the jurors clearly were focused on that issue. The examples, I think, I don't know what was in the jurors' minds when they were issuing those notes, except for the fact that they were focused on what do you mean by a referral. When you get down to that point and you look at the instructions coupled with the notes that were sent out, clearly there was no conviction on the offense that was actually charged in the indictment. That's not even a constructive amendment issue, because the instruction given was a completely different offense. I think it's just very likely manifest injustice is what ought to happen here. I argued it could even be structural error, but I think manifest injustice gets it. I wanted to comment also on the overlap between the two statutes that counsel tried to argue that these are not really two different offenses. They're really very similar. There's two cases, Laughlin and Shad, out of the U.S. Supreme Court, which talk about the fact that they can still be different offenses, and occasionally you're going to get different offenses that do overlap, that do charge. You could potentially charge a defendant under both statutes, but they didn't charge this defendant under the statute that the instructions led the jury to believe he could be convicted  If the court has any questions for me, I'll be happy to answer them. Otherwise, I'm done. Thank you very much. Thank you, Mr. Perry. Again, the court appreciates your service. Thank you, Your Honor.